UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABDULLAH RENALDO-BEY,

    Plaintiff,

v.                              Case No. 8:12-cv-2222-T-33TBM

D. ROSA, et al.,

    Defendants.
                                            /

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Plaintiff's **Affidavit of Indigency** (Doc. 2), which the Court construes as a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, which provides in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

As a threshold matter, however, the Court must determine whether Plaintiff's Complaint (Doc. 1) is frivolous or fails to state a claim, and therefore is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2); *see, e.g., Moreland v. Wharton*, 899 F.2d 1168, 1169-70 (11th Cir. 1990). A complaint is deemed frivolous "where it lacks an arguable basis either in law or

in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Specifically, the court must evaluate the plaintiff's complaint to determine whether "the plaintiff's realistic chances of ultimate success are slight." *Moreland*, 899 F.2d at 1170.

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the opposing party is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a petitioner must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations set forth by a petitioner must be sufficient to raise a right to relief above the speculative level on the assumption that all allegations are true. *Id.* However, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Here, Plaintiff sues Defendants, alleging nine causes of action: breach of contract, false arrest, deprivation of rights under color of law, conspiracy, perjury, deprivation of human rights, treason, fraud, and deformation (sic) of character. An attempt at understanding

the Complaint suggests that the basis of Plaintiff's Complaint is an August 25, 2012 traffic citation issued to Plaintiff for having an expired driver's license.  However, a review of Plaintiff's Complaint reveals that the pleading, similar to his pleadings in 8:12-cv-1565-T-27TBM and 8:12-cv-1566-T-17TBM,[1] is a rambling hodgepodge of assertions and wholly incoherent.  Even under a generous reading, Plaintiff patently fails to support the causes of action with relevant factual allegations consistent with the requirements of Rule 8.

For these reasons, I recommend that the Court **DISMISS** the Complaint (Doc. 1) and **DENY without prejudice** Plaintiff's construed motion to proceed in forma pauperis (Doc. 2). It is further recommended that the Court grant Plaintiff permission to file one additional Amended Complaint which clearly sets forth a cause of action cognizable in this Court consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty (20) days of the Court's Order, failing which may result in a dismissal of the action without further notice.

                Respectfully submitted on this
                23rd day of October 2012.

                THOMAS B. McCOUN III
                UNITED STATES MAGISTRATE JUDGE

---

[1] Both cases were recently filed and dismissed by this Court, in part, due to Plaintiff's failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
Pro se Plaintiff